# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JANE DOE,<br><br>             Plaintiff,<br><br>v.<br><br>ATLANTA CENTER FOR SELF SUFFICIENCY and DOES 1-100,<br><br>             Defendants. | 1:17-cv-3513-WSD |

## OPINION AND ORDER

This matter is before the Court on the required frivolity review of Plaintiff Jane Doe's ("Plaintiff") Complaint [5].

## I.    BACKGROUND

On September 13, 2017, Plaintiff filed her Application for Leave to Proceed In Forma Pauperis [1] ("IFP Application"), to which she attached her *pro se* Complaint. On September 19, 2017, Magistrate Judge J. Clay Fuller granted Plaintiff's IFP Application and submitted her Complaint [5] to the Court for its frivolity review under 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's one-page Complaint alleges that Defendants improperly disclosed her "legally protected information" to unnamed third parties:

> Plaintiff enrolled into Defendant's employment program. As a result, Defendant's directors, officers, and employees inappropriately disclosed Plaintiff's legally protected information as a result of an ongoing harassment matter although Plaintiff specifically requested that Defendant not disclose any of Plaintiff's information to any third parties.
>
> After Plaintiff expressed written disagreement with Defendants' improprieties, as a result of retaliation, Plaintiff was not allowed to continue participation in Defendant's employment program.

(Compl. ¶¶ 4-5). The Complaint does not elaborate on these allegations. Plaintiff asserts claims for "Invasion of Privacy, Violation of Plaintiff [sic] Fourth Amendment United States Constitution rights, Intentional and Negligent Infliction of Emotional Distress, Harassment, and Stalking." (Compl. ¶ 5). Plaintiff seeks $999 million in damages. (Compl. ¶ 5).

**II.     DISCUSSION**

    A.     <u>Legal Standard</u>

"Under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an *in forma pauperis* action if the court determines that the action is 'frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.'" <u>Thibeaux v. U.S. Atty. Gen.</u>, 275 F. App'x 889, 892 (11th Cir. 2008) (quoting 28 U.S.C. § 1915(e)(2)(B)). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R.

Civ. P. 12(b)(6)." Wilkerson v. H&S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)). To avoid dismissal under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Mere "labels and conclusions" are insufficient. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). This requires more than the "mere possibility of misconduct." Am. Dental, 605 F.3d at 1290 (quoting Iqbal, 556 U.S. at 679). The well-pled allegations must "nudge[] [plaintiff's] claims across the line from conceivable to plausible." Id. at 1289 (quoting Twombly, 550 U.S. at 570).

Review for frivolousness, on the other hand, "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting

3

Neitzke v. Williams, 490 U.S. 319, 327 (1989)). A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (quoting Neitzke, 490 U.S. at 327). "[I]f the district court sees that an affirmative defense would defeat the action, a [dismissal on the grounds of frivolity] is allowed." Clark v. State of Ga. Pardons & Paroles Bd., 915 F.2d 636, 640 (11th Cir. 1990).

Plaintiff filed her Complaint *pro se*. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure. See Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 371 (11th Cir. 2005). "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief." Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007). "[A] district court does not have license to rewrite a deficient pleading." Osahar v. U.S. Postal Serv., 297 F. App'x 863, 864 (11th Cir. 2008).

B. <u>Analysis</u>

1. <u>Plaintiff's Fourth Amendment Claim</u>

Plaintiff asserts a Fourth Amendment claim against Defendants. The Fourth Amendment provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. Amend. IV. "The Fourth Amendment applies only to government action." <u>United States v. Roberts</u>, 888 F. Supp. 2d 1316, 1328 (N.D. Ga. 2012); see <u>United States v. Jacobsen</u>, 466 U.S. 109, 113 (1984) ("This Court has also consistently construed [Fourth Amendment] protection as proscribing only governmental action; it is wholly inapplicable to a search or seizure, even an unreasonable one, effected by a private individual not acting as an agent of the Government or with the participation or knowledge of any governmental official."). "For a private person to be considered an agent of the government, [courts] look to two critical factors: (1) whether the government knew of and acquiesced in the intrusive conduct, and (2) whether the private actor's purpose was to assist law enforcement efforts rather than to further his own ends." <u>United States v. Steiger</u>, 318 F.3d 1039, 1045 (11th Cir. 2003). A private entity may be

5

liable as a "state actor" for a constitutional violation only in the following circumstances: (1) "the State has coerced or at least significantly encouraged the action alleged to violate the Constitution," (2) "the private parties performed a public function that was traditionally the exclusive prerogative of the State," or (3) "the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise[]." Rayburn ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001).

Plaintiff's Fourth Amendment claim is frivolous and fails to state a plausible claim for relief because Plaintiff has not alleged that Defendants are state actors or that they engaged in an unreasonable search or seizure. Defendant Atlanta Center for Self Sufficiency is a nonprofit corporation, which Plaintiff describes as "a business entity organized and existing under the laws [of] the State of Georgia." (Compl. ¶ 2); see https://ecorp.sos.ga.gov/BusinessSearch/BusinessInformation?businessId=628274&businessType=Domestic%20Nonprofit%20Corporation. Plaintiff does not provide any description of Defendants Does 1-100.[1] The Complaint does not allege that Defendants are government entities or that they

---

[1] This alone requires dismissal of Defendants Does 1-100. "[F]ictitious-party pleading is not permitted in federal court" unless "the plaintiff's description of the defendant is so specific as to be at the very worst, surplusage." Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010).

6

collaborated with government officials in any way. Even if it did, Plaintiff's conclusory allegation that "Defendants inappropriately disclosed Plaintiff's legally protected information as a result of an ongoing harassment matter" does not plausibly allege conduct proscribed by the Fourth Amendment. Plaintiff's Fourth Amendment claim is dismissed as frivolous and for failure to state a claim.

    2.    Plaintiff's State Law Claims

The remaining claims in this action involve only state law causes of action, over which the Court may, but is not required to, exercise supplemental jurisdiction. See 28 U.S.C. § 1367(a) (conferring on district courts supplemental jurisdiction over "claims that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy"). "The decision on [whether to retain jurisdiction over the state law claims] should be and is vested in the sound discretion of the district court." Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1288 (11th Cir. 2002).

The Eleventh Circuit has "encouraged district courts to dismiss any remaining state claims when . . . the federal claims have been dismissed prior to trial." Raney v. Allstate Ins. Co., 370 F.3d 1086, 1089 (11th Cir. 2004) (per curiam) (citing L.A. Draper & Son v. Wheelabrator-Frye, Inc., 735 F.2d 414, 428 (11th Cir. 1984)); see United Mine Workers of Am. v. Gibbs, 383 U.S. 715,

726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.").

Judicial economy also favors the resolution in state court of state law disputes between in-state defendants. See Gibbs, 383 U.S. at 726 ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between parties, by procuring for them a surer-footed reading of applicable law."); see also Baggett v. First Nat'l Bank, 117 F.3d 1342, 1353 (11th Cir. 1997) ("State courts, not federal courts, should be the final arbiters of state law."); Hudson v. Cent. Ga. Health Servs., No. 5:04-cv-301, 2005 WL 4145745, at *10 (M.D. Ga. Jan. 13, 2005) ("[I]t is preferable for the courts of Georgia to make rulings on issues of Georgia law rather than to have federal courts do so, even when those federal courts are in Georgia.").

The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, and they are dismissed without prejudice. See McBride v. Murray, No. 1:05-cv-2547, 2006 WL 734542, at *4 (N.D. Ga. Mar. 17, 2006) ("[T]he Court declines to exercise supplemental jurisdiction over the

plaintiff's state law claim. Typically, in a situation in which the Court takes this action, it dismisses without prejudice the remaining state law claims.").[2]

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to File as Jane Doe [2], Motion to Appoint Counsel [3], Motion to Compel an Investigation and Conduct a Sweep on Plaintiff's Vehicle to Preserve Evidence [6], and Motion for Leave for Amended Complaint to be Filed by Counsel on Plaintiff's Behalf [7] are **DENIED AS MOOT**.

**SO ORDERED** this 22nd day of September, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[2] In September 2017, Plaintiff filed her Motion to File as Jane Doe [2], Motion to Appoint Counsel [3], Motion to Compel an Investigation and Conduct a Sweep on Plaintiff's Vehicle to Preserve Evidence [6], and Motion for Leave for Amended Complaint to be Filed by Counsel on Plaintiff's Behalf [7] (together, "Motions"). Because this action is dismissed under 28 U.S.C. § 1915(e)(2)(B), Plaintiff's Motions are denied as moot.